IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ADAM KRISKE,

       Petitioner,              No. CIV S-08-1683 JAM DAD P

   vs.

WARDEN EVANS,

       Respondent.      <u>ORDER</u>

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 14, 2008, respondent filed an answer to the petition.  On March 10, 2009, petitioner filed a traverse.  Pending before the court are several of petitioner's motions.

**BACKGROUND**

      In his petition pending before this court, petitioner challenges his 2005 Sacramento County Superior Court conviction for first-degree burglary, attempted car-jacking, and resisting an executive officer.  Petitioner asserts five grounds for relief: (1) ineffective assistance of counsel based upon a failure to present evidence; (2) ineffective assistance of counsel for failure to investigate; (3) ineffective assistance of appellate counsel; (4) the trial court
/////

1

1  erred in denying petitioner's request to proceed pro se; and (5) the trial court erred in failing to

2  instruct the jury on the defense of voluntary intoxication.  (Pet. at 3-8 & Attach. A.)

3          In the answer to the petition, respondent argues, inter alia, that ground five of the

4  pending petition is unexhausted because petitioner never presented that claim to the California

5  Supreme Court.  Respondent also argues that, in any event, the trial court did instruct the jury at

6  petitioner's trial on voluntary intoxication.  Respondent contends that evidence of voluntary

7  intoxication is admissible: (1) for specific-intent crimes to determine whether the defendant

8  formed the required specific intent, and (2) for a murder charge.  Respondent argues that,

9  contrary to petitioner's assertion, the trial court instructed the jury in his case on the specific

10 intent requirement for burglary and attempted car-jacking and that the jury could consider

11 petitioner's voluntary intoxication in determining whether he harbored specific intent.  (Resp't's

12 Answer at 20-21.)

13                              **PETITIONER'S MOTIONS**

14          Shortly before filing his traverse, petitioner filed a motion to amend his petition to

15 withdraw ground five.  In that motion, petitioner acknowledges that he has not exhausted the

16 claim presented as his ground five for relief.  Alternatively, petitioner asks the court to allow him

17 to proceed on the unexhausted claim even though it is unexhausted.  Respondent does not oppose

18 petitioner's request to withdraw ground five but argues that the court cannot exempt that claim

19 from the exhaustion requirement.

20          Petitioner subsequently filed a motion to withdraw his motion to amend,

21 explaining that he would rather exhaust that claim in state court.  He also filed a motion to

22 dismiss his petition without prejudice, together with a request for a sixty-day extension of the

23 one-year statute of limitations or, alternatively, a motion for a stay.  In response, respondent does

24 not oppose petitioner's request to dismiss his petition but argues that petitioner is not entitled to

25 equitable tolling of the statute of limitations or to a stay and abeyance.

26 /////

**EXHAUSTION OF STATE COURT REMEDIES**

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims.  See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).  A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based.  See Wooten, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20 F.3d 1469, 1473 (9th Cir. 1994).

/////

In this case, the parties do not dispute that the claim presented as ground five of the petition pending before this court is unexhausted. A federal court cannot grant habeas relief based on a "mixed petition." However, as both parties acknowledge, stay and abeyance procedures are available to habeas petitioners who wish to exhaust their unexhausted claims in state court without first dismissing their entire petition. See Rhines, 544 U.S. 269; King, 564 F.3d 1133.

## STAY AND ABEYANCE PROCEDURES

The United States Court of Appeals for the Ninth Circuit recently analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. See King, 564 F.3d 1133. First, the Ninth Circuit explained "the Kelly procedure," which it had outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely. If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41. See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

/////

4

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his petition.  See King, 564 F.3d at 1140.  However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.  In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78.

**DISCUSSION**

In his motion for a stay, petitioner indicates that he would like the court to stay his petition under Rhines to allow him to exhaust ground five in state court.  However,  respondent's argument that petitioner's one-page motion does not provide sufficient facts and information to satisfy the requirements of Rhines is persuasive.  Based on the limited information petitioner has provided to the court, the court is unable to determine whether petitioner has good cause for not exhausting his ground five for relief before filing this federal habeas action, whether petitioner's unexhausted claim is potentially meritorious, or whether petitioner has been diligent in pursuing his unexhausted claim.  See Taylor, 134 F.3d at 987 n.8 & n.11 (failure to show diligence in

1  pursuing claims may foreclose the granting of a stay).  Accordingly, the court will deny

2  petitioner's motion without prejudice to the filing of a renewed motion within thirty days.

3        Petitioner is advised that any renewed motion for a stay and abeyance must:

4  (1) show good cause for his failure to exhaust ground five before filing this action; (2)

5  demonstrate why ground five of his petition is potentially meritorious; (3) describe the status of

6  any state court proceedings on the unexhausted claim; and (4) demonstrate that petitioner has

7  acted diligently in pursuing his unexhausted claim.

8                          **OTHER MATTERS**

9        Also pending before the court is petitioner's motion for an evidentiary hearing,

10  which respondent has opposed.  In the event that this matter is stayed and petitioner returns to

11  state court to exhaust ground five of his petition, an evidentiary hearing would be premature at

12  this time.  Accordingly, the court will deny petitioner's motion without prejudice to refiling after

13  this matter is fully submitted for decision.

14                            **CONCLUSION**

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1.  Petitioner's April 10, 2009 motion to withdraw his motion to amend (Doc. No.

17  23) is granted;

18        2.  Petitioner's March 5, 2009 motion to amend (Doc. No. 18) is deemed

19  withdrawn;

20        3.  Petitioner's April 10, 2009 motion for a stay and abeyance (Doc. No. 24) is

21  denied without prejudice to filing a renewed motion for a stay and abeyance within thirty days in

22  accordance with the instructions outlined herein; and

23  /////

24  /////

25  /////

26  /////

4.  Petitioner's March 5, 2009 motion for an evidentiary hearing (Doc. No. 19) is denied without prejudice to refiling after this matter is fully submitted for decision.

DATED: December 8, 2009.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kris1683.msty

7